## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STERLING MATHIS                    :        CIVIL ACTION
_____v._____:
JAMES WYDNER    _____:        NO. 07-cv-2130

_____        MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

Petitioner in the instant matter seeks relief pursuant to AEDPA (more specifically, pursuant to 28 U.S.C. §2254).  By means of AEDPA, Congress *intentionally* created a series of *restrictive gate-keeping conditions* which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.  One such intentionally restrictive gate-keeping condition is AEDPA's *strict and short statute of limitations*, created by 28 U.S.C. §2244(d).  Another intentionally restrictive gate-keeping condition is AEDPA's so-called *"second or successive rule"*, created by 28 U.S.C. §2244(b), which generally forbids a litigant

1

Dockets.Justia.com

from filing a 28 U.S.C. §2254 habeas if that litigant had at least one prior 28 U.S.C.

§2254 habeas that was dismissed with prejudice.  For purposes of the second or

successive rule, the concept of 'dismissal with prejudice' means ***either:***

> 1.    that the prior case was dismissed after merits consideration and denial on the merits; ***or,***
>
> 2.    that the prior case was dismissed on grounds of procedural default;[1] ***or,***
>
> 3.    that the prior case was dismissed on grounds of AEDPA's statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir.

2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir.

1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).  AEDPA provides in relevant part

that before such a second or successive petition is filed in the district court, the prisoner

must first get permission to file in the district court from the circuit court, pursuant to 28

U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks

subject matter jurisdiction to consider such a habeas petition.  Villot v. Varner, 373 F.3d

327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton,

195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); In re Minarik, 166

F.3d 591 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). The strict

requirements annunciated in AEDPA's second or successive rule were intentionally

enacted in order to support the Congressional policy of creating finality with respect to

---

[1]Procedural default occurs when a §2254 petitioner in this district court previously had the right to file an appeal of the conviction and/or sentence involved to a state court, or the right to file an application for post-conviction relief the conviction and/or sentence involved to a state court, concerning specific issues, but the petitioner did not, in fact, file such an appeal or application, and some procedural rule of the state court dictates that the time has passed for such a state filing.

state and federal criminal prosecutions that involve federal constitutional issues.
Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001);
Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

On May 24, 2007, petitioner filed the above-captioned petition in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254.  Petitioner has filed a previous petition in this court pursuant to 28 U.S.C. §2254, labeled 00-cv-5880, which attacked the same conviction and/or sentence, and which was dismissed as time barred, which, as previously stated, acts as a dismissal **_with_** prejudice; accordingly, the second or successive rule is triggered in this matter.

_____He has applied for in forma pauperis status but has $155.40 in his prison account.

Accordingly, this                         Day of June, 2007, it is hereby
**ORDERED** as follows:

1.    Petitioner is granted provisional leave to proceed in forma pauperis for the purpose of this order only.

2.    This civil action is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

3.    The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

_____
       **s\ Berle M. Schiller**
       **BERLE M. SCHILLER, U.S. District Judge**

3